IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Kathleen Adams, and<br><br>Snap-Saver, LLC,<br> a Nevada Corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>Newell Rubbermaid Inc,<br> a Delaware Corporation, and<br><br>Target Corporation<br> a Minnesota Corporation,<br><br>        Defendants. | 07 C 0313 S<br><br>Civil Action No.: _____<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

COMES NOW the Plaintiffs, and for their complaint against defendants, state and allege as follows:

### The Parties

1.    Plaintiff Kathleen Adams is a resident of California.

2.    Plaintiff Snap-Saver LLC is incorporated in the state of Nevada, having a principal place of business at P.O. 178799, San Diego, CA 92177.

3.    Upon information and belief Defendant Newell Rubbermaid Inc. (d/b/a Rubbermaid) is incorporated in the state of Delaware, having a principal place of business at 10 B Glenlake Parkway, Suite 300, Atlanta, GA 30328.

4.    Upon information and belief Defendant Target Corporation is incorporated in the state of Minnesota, having a principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403.

## Jurisdiction and Venue

5. This action arises under The Acts of Congress relating to patents, 35 U.S.C. § 1, *et seq.*, as hereinafter more fully appears.

6. This Court has subject matter jurisdiction over Plaintiffs' patent infringement lawsuit under 28 U.S.C. §§ 1331 and 1338(a).

7. This court has personal jurisdiction over the Defendants by virtue of, *inter alia*, their continuous and systematic contacts with Wisconsin.

## Infringement of United States Patent No. 5,692,617

8. In January 1996, Plaintiff Kathleen Adams filed for a patent for her novel system for storing containers. Her invention provides for the covers to be interconnectable with one another and also to be connectable to either the bottom or the top of a stack of containers resulting in a single interconnected stack of containers and covers.



Figure 4 from the Patent No. 5,692,617

2

9. On December 2, 1997, United States Letters Patent No. 5,692,617 (Exhibit A) was duly and legally issued to Adams for her invention in a container storage system; and since that date Adams has been and still is the owner of this Letters Patent.

10. Adams granted an exclusive license to Plaintiff Snap-Saver to use the '617 patent; and since that date Snap-Saver has been and still is the exclusive licensee of the '617 patent. Snap-Saver has sold patented products and duly marked them with the '617 patent number.

11. Plaintiff Adams in her efforts to market the invention described in the '617 patent contacted Rubbermaid. Mr. Eric Varndell, a Rubbermaid Product Manager, responded to Adams indicating Rubbermaid was interested in Adams' invention. Varndell's letter also included a proposed licensing agreement offering to pay a royalty.

12. Negotiations on the exact terms of the license agreement continued over a period of months. Rubbermaid made its interest in licensing the invention clear, writing to Adams, "I would again like to affirm our intent to market a Rubbermaid branded self organizing food storage container. We share your viewpoint that there is a real and substantial market need for this type of product in any form. Properly launched, your patent on the Snap-Saver 'No Brainer Container' offers a viable solution to this need."

13. Though interested in the invention, Rubbermaid did not license the invention described in the '617 patent.

14. On information and belief, in 2007 Rubbermaid came out with the Rubbermaid Premier container storage system. The premier system also uses covers

interconnectable with one another and with the bottom or top of a stack of containers. Rubbermaid touts the infringing feature of its Premier containers on its packaging; advertising, including TV advertising; and on the Internet as shown below:



15. Rubbermaid has infringed and still is infringing the '617 patent by making, offering for sale, selling, using, and inducing others to use the Rubbermaid Premier container storage system in this district and elsewhere and will continue to do so unless enjoined by this court.

16. Defendant Rubbermaid had actual knowledge of the '617 patent and, on information and belief, had actual knowledge that the use, manufacture, sale, and offer for sale of the Rubbermaid Premier container storage system infringes that patent, contributes to the infringement of that patent, and induces the infringement of that patent by others.

17. Rubbermaid's infringement of the '617 patent is now and has been willful.

18. Rubbermaid's actions have caused harm to Snap-Saver and Adams including lost sales to Target and others. Snap-Saver's business has been and continues to be harmed by the actions of Rubbermaid.

19. Plaintiffs continued to market the patented products and entered into discussions with Target Corporation to introduce the patented "No Brainer Container" in Target.

20. Target elected to sell Rubbermaid's infringing product and terminated its discussions with Snap-Saver.

21. Rubbermaid's sales to Target are lost sales resulting in lost profits for Snap-Saver. In terminating its interests in selling Snap-Saver products Target stated, "Snap-Saver has had a great hook with a unique design, but the competition has caught up and now our largest partner in food storage has a similar function in their program."

22. Defendant Target has and still is infringing the '617 patent by selling, offering for sale, using, and inducing others to use the Rubbermaid Premier container storage system in this district and elsewhere, and will continue to do so unless enjoined by this Court.



## **Prayer For Relief**

WHEREFORE, Plaintiffs pray for judgment that:

A.     The Defendants have infringed, contributorily infringed, and/or induced infringement of one or more claims of United States Patent No. 5,692,617;

B.     The Defendants' infringement of one or more claims of United States Patent No. 5,692,617 was willful;

C.     The Defendants, their officers, agents, servants and employees, and those persons in active concert or participation with any of them be enjoined from further infringing, contributing to the infringement, or inducing the infringement of the United States Patent No. 5,692,617, and be permanently enjoined from continued use, importation, offer for sale, or sale of the Defendants' products used to infringe the patent-in-suit;

D.     Plaintiffs be awarded damages arising out of Defendants' infringement of United States Patent No. 5,692,617, including treble damages for willful infringement by Rubbermaid as provided by 35 U.S.C. § 284, with interest;

E.     This case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and that Plaintiffs be awarded their costs and attorney's fees in pursuing this action; and

F.     Plaintiffs be awarded such other and further relief as this Court may deem necessary and proper.

## Demand For Jury Trial

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: 6/8/07

By: *[signature]*
Daniel W. McDonald
Keith M. Sorge
Merchant & Gould
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332.5300

*Attorneys for Plaintiffs*